People v Grant (2025 NY Slip Op 04278)

People v Grant

2025 NY Slip Op 04278

Decided on July 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 24, 2025

CR-24-1391
[*1]The People of the State of New York, Respondent,
v
Tyler J. Grant, Appellant.

Calendar Date:June 20, 2025

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

Thomas L. Pelych, Hornell, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Nicholas S. Line of counsel), for respondent.

Appeal from a judgment of the County Court of Chemung County (Richard Rich Jr., J.), rendered December 12, 2022, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
In full satisfaction of two pending indictments, defendant agreed to plead guilty to the reduced charge of burglary in the second degree with the understanding that he would be sentenced to a prison term of no more than five years, to be followed by a period of postrelease supervision to be determined by County Court. The charges stemmed from an incident wherein defendant, in violation of an order of protection, forced his way into the home of his pregnant ex-girlfriend and assaulted her. Defendant pleaded guilty to the foregoing crime, and County Court sentenced defendant to a prison term of five years, to be followed by three years of postrelease supervision. This appeal ensued.
Defendant's sole argument upon appeal is that the sentence imposed is unduly harsh or severe. We disagree. Having been convicted of a class C violent felony (see Penal Law §§ 70.02 [1] [c]; 140.25), defendant was subject to a determinate term of imprisonment ranging from 3½ to 15 years (see Penal Law § 70.02 [3] [b]). In addition to receiving a sentence at the lower end of the permissible statutory range, defendant benefitted from a "highly-advantageous plea agreement, which resolved multiple pending charges and avoided defendant being subjected to consecutive sentences" (People v Terry, 226 AD3d 1215, 1216 [3d Dept 2024]). Accordingly, notwithstanding certain mitigating factors cited by defendant, we do not find — upon due consideration of the record as a whole — that the sentence imposed is unduly harsh or severe (see CPL 470.15 [6] [b]).
Garry, P.J., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.